UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTON D. PELICHET,

        Petitioner,                              Case Number 23-11402

v.                                                             Honorable David M. Lawson

FREDEANE ARTIS,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS

On June 8, 2023, petitioner Alton D. Pelichet, a Michigan prisoner, filed a petition without the assistance of an attorney seeking a writ of habeas corpus under 28 U.S.C. § 2254. Pelichet challenges his 1977 convictions for first-degree felony murder and possession of a firearm during the commission of a felony rendered by a judge sitting without a jury in the Wayne County, Michigan circuit court. Pelichet was sentenced to life in prison without parole plus two years. He raises claims challenging the trial court's denial of his second motion for relief from judgment, the validity of the trial court's guilty verdict, and the effectiveness of his trial and appellate counsel. On June 20, 2023, the Court ordered Pelichet to show cause why his habeas corpus petition should not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. Pelichet filed a response to the Court's show cause order in which he conceded that his petition was untimely and argued that the untimely filing should be excused by the application of equitable tolling and due to his actual innocence. However, for the reasons discussed below, the untimely petition cannot be saved by statutory or equitable tolling, and that it must be dismissed.

I.

Pelichet's convictions arose from an armed robbery in which a person was shot to death. Pelichet's direct appeal of his convictions concluded in 1981. He filed a motion for relief from judgment in the state trial court in 2006, which was denied. The Michigan Court of Appeals and the Michigan Supreme Court both denied leave to appeal in 2007. *People v. Pelichet*, 480 Mich. 922, 740 N.W.2d 242 (Oct. 29, 2007). Pelichet filed a second motion for relief from judgment in the state trial court in 2021, which also was denied. The Michigan Court of Appeals and the Michigan Supreme Court both denied leave to appeal in 2023. *People v. Pelichet*, --- Mich. ---, 988 N.W.2d 766 (May 2, 2023). The present petition was filed on June 8, 2023.

II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the prescribed time period must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694 695 (6th Cir. 2000) (dismissing case filed 13 days late); *see also Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002). Federal district courts are authorized to consider on their own motion the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Pelichet did not comply with the one-year time limit for filing a habeas corpus petition. His convictions became final in 1981 — before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final before the AEDPA's effective date were given a one-year grace period in which to file their federal habeas petitions. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003). Therefore, Pelichet was required to file his federal habeas petition on or before April 24, 1997, unless time could be excluded from that calculation during which a properly filed application for state post-conviction or state collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

The record indicates that Pelichet filed his motions for collateral review in the state trial court in 2006 and 2021, more than nine years and 24 years respectively after the one-year grace period expired. A state court post-conviction motion that is filed after the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado*, 337 F.3d at 641. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Pelichet did not date his federal habeas petition until June 8, 2023, more than 26 years after the one-year grace period expired.

Pelichet does not allege that his habeas claims are based upon newly discovered evidence or newly enacted, retroactively applicable law, nor does he allege that the State created any impediment to the filing of his habeas petition. His habeas petition therefore is untimely under 28 U.S.C. § 2244(d) and is subject to dismissal.

The Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). But a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783, 784 (6th Cir. 2010). A petitioner has the burden of demonstrating that entitlement to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). The doctrine of equitable tolling is applied "sparingly." *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 851 (6th Cir. 2017); *see also National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 2002).

Pelichet argues that he is entitled to equitable tolling of the one-year limitations period due to various circumstances including his inability to retain counsel, his lack of legal knowledge, his lack of notice of the federal statute of limitations, and his reliance upon a fellow prisoner to assist him. However, the cases on point have held that such circumstances will not justify equitable tolling. The fact that the petitioner may have a limited education, is untrained in the law, is proceeding without a lawyer, relied on fellow prisoners for legal assistance, or was unaware of the

statute of limitations for a period of time, all have been held not to warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (holding that a petitioner's *pro se* status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (holding that ignorance of the law does not justify tolling); *see also Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (observing that the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's *pro se* status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (holding that lack of legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (collecting cases holding that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Pelichet also has not demonstrated that he acted diligently to protect his rights. His direct appeal concluded in 1981, and he did not seek collateral review of his convictions in the state courts until 2006 and then again in 2021. For this additional reason, he is not entitled to equitable tolling under the rule recognized in *Holland*.

In his response to the order to show cause, Pelichet argues that his untimely petition should be allowed to proceed because he is actually innocent of felony murder. He cites the Michigan Supreme Court's decision in *People v. Aaron*, 409 Mich. 672, 299 N.W.2d 304 (1980), where the court held that "[a]defendant who only intends to commit the [underlying] felony does not intend to commit the harm that results and may or may not be guilty of perpetrating an act done in wanton or willful disregard of the plain and strong likelihood that such harm will result." 409 Mich. at 728, 299 N.W.2d at 326. The Michigan Supreme Court explained in that case that "[a]lthough the circumstances surrounding the commission of the felony may evidence a greater intent beyond the intent to commit the felony, or a wanton and willful act in disregard of the possible consequence

of death or serious injury, the intent to commit the felony, of itself, does not connote a 'man-endangering-state-of-mind,'" and, hence, intent to commit the underlying felony standing alone does not "constitute[] a sufficient *mens rea* to establish the crime of murder." *Ibid.* Pelichet contends that the state trial court found him guilty based solely upon his commission of the underlying felony without finding that he acted with the requisite intent to commit murder, i.e. malice. He argues, therefore, that his conviction is defective under the subsequently developed rule announced in *Aaron*.

Under Michigan law, malice is defined as "the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Stewart v. Wolfenbarger*, 595 F.3d 647, 654 (6th Cir. 2010) (citing *Aaron*). Pelichet contends that *Aaron* and the trial court's findings at his bench trial establish his actual innocence of first-degree felony murder.

Both the Supreme Court and the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 588-590 (6th Cir. 2005). However, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-539 (2006). A viable claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In

keeping with the Supreme Court, the Sixth Circuit has stated that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Pelichet has not presented any new reliable evidence of his factual innocence of the crime of murder. In fact, he presents no "evidence" at all, since he has not identified any new testimony, physical evidence, or scientific analysis calling his guilt into question. Instead, he argues that subsequent development of the case law by the state courts rendered the proofs relied upon at his trial legally insufficient to prove the crime of murder. But the Michigan Supreme Court's decision in *Aaron* was issued during the pendency of the petitioner's direct appeal, and the subsequent authority therefore was available for him to raise both during the pendency of that appeal and in his petitions for collateral review in the state courts.

As Pelichet notes in his response to the Court's show cause order, the Sixth Circuit has held, in the context of motions brought under 28 U.S.C. §§ 2241 and 2255, that a petitioner may establish factual innocence by showing "an intervening change in the law that establishes [his] actual innocence." *Phillips v. United State*, 734 F.3d 573, 582 (6th Cir. 2013) (citing *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir.2001)). To do so, a petitioner must show: "(1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him." *Ibid.* (citing *Wooten v. Cauley*, 677 F.3d 303, 307-308 (6th Cir. 2012)).

However, even if the Court assumes that the same standard applies in the context of a petition for review of a state court conviction under section 2254, Pelichet has failed to meet the

second and the third requirements.  The Michigan Supreme Court decided *Aaron* in 1980 while Pelichet's direct appeal was pending, so he had the opportunity to present his *mens rea* argument on direct appeal and during collateral review of his convictions in the state courts.  And it is clear that the holding of *Aaron* is not retroactive because the Michigan Supreme Court explicitly held that its decision would "apply to all trials in progress and those occurring after the date of [its] opinion."  *Aaron*, 409 Mich. at 734, 299 N.W.2d at 329; *see also Bowen v. Foltz*, 763 F.2d 191, 192 (6th Cir. 1985); *Harris v. Stovall*, 22 F. Supp. 2d 659, 667 (E.D. Mich. 1998), *aff'd*, 212 F.3d 940 (6th Cir. 2000).  Pelichet's trial was completed in 1977, well before Aaron was decided in 1980.

### III

The petitioner's habeas corpus petition was filed well out of time, and he has not established that he is entitled to equitable tolling of the one-year period based upon his actual innocence.  His habeas petition is therefore untimely and must be dismissed.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

                                                                               s/David M. Lawson  
                                                                               DAVID M. LAWSON  
                                                                               United States District Judge

Dated:   August 15, 2023